# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD O'NEAL CALVIN,

    Petitioner,

vs.

E. K. MCDANIELS, et al.,

    Respondents.

Case No. 3:08-CV-00033-LRH-(RAM)

**ORDER**

    Before the Court are Respondents' Motion to Dismiss (#19), Petitioner's Motion for Stay and Abeyance (#38), and Respondents' Opposition (#39). The Court finds that Petitioner has not exhausted all of his grounds for relief. The Court also finds that a stay is not warranted under these circumstances.

    Pursuant to a plea agreement, Petitioner was convicted in the Eighth Judicial District Court of the State of Nevada to two counts of first degree murder with the use of a deadly weapon. Ex. 157 (#32-4). Petitioner appealed, and the Nevada Supreme Court affirmed on December 14, 2006. Ex. 163 (#32-10). That court denied rehearing on January 31, 2007. Ex. 165 (#32-12). Petitioner then filed his first post-conviction petition for a writ of habeas corpus in state court, on February 12, 2007. Ex. 167 (#32-14). The district court denied the petition. Ex. 176 (#33-7). Petitioner appealed, and the Nevada Supreme Court affirmed on December 10, 2007. Ex. 193 (#34-4). Remittitur issued on January 4, 2008. Ex. 198 (#34-9). At the same time that Petitioner appealed the denial of his first petition, he filed his second post-conviction habeas corpus petition in state court. Ex. 180 (#33-11). On October 3, 2007, the district court dismissed that petition as successive

pursuant to Nev. Rev. Stat. § 34.810. Ex. 191 (#34-2). Petitioner did not appeal from that decision. Petitioner then commenced this action. The Court received the Petition (#12) on January 17, 2008; Petitioner did not state when he mailed it to the Court. The Court required an amendment and then dismissed Ground 3 of the Amended Petition (#14) before serving the Amended Petition upon Respondents.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Respondents argue, and Petitioner does not dispute, that Petitioner has not exhausted his available state-court remedies for parts of Grounds 1 and 2, and for all of Grounds 4 and 5. Petitioner asks the Court to dismiss the unexhausted claims, to stay the action while he returns to state court to exhaust his remedies there, and to then allow further amendment of the petition after he has completed his state-court proceedings. Recently, the Court of Appeals for the Ninth Circuit held that this procedure has continued viability. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). The Kelly procedure has an advantage over staying a petition that contains both exhausted and unexhausted grounds: It does not require Petitioner to

show good cause why he failed to present the unexhausted grounds for relief in earlier state-court proceedings. Id. at 1141 (citing Rhines v. Weber, 544 U.S. 269 (2005)).

In Ground 1, Petitioner alleges that a former detective of the Las Vegas Police Department changed his testimony at a hearing on a motion to suppress Petitioner's statement to police. Ground 1 has two components. First, Petitioner claims that the switch in testimony violated the Due Process Clause of the Fourteenth Amendment. Second, Petitioner claims that counsel provided ineffective assistance by failing to object or to otherwise note the switch in testimony. Petitioner presented the ineffective assistance claim to the state district court in his first habeas corpus petition and to the Nevada Supreme Court on the appeal from the denial of the petition. Petitioner did not present the due process claim to the district court. He did present the due process claim to the Nevada Supreme Court in his appellate brief. Ex. 190 (#34-1). The Nevada Supreme Court did not consider the claim because he did not raise it in the district court. Ex. 193, p. 4 n.10 (#34-4, p. 5).[1] The due process claim and the ineffective assistance claim, though related, are separate claims, and Petitioner needed to present correctly each claim to the Nevada Supreme Court. Rose v. Palmateer, 395 F.3d 1108, 1111-12 (9th Cir. 2005). The due process claim is unexhausted because Petitioner used a procedurally incorrect manner to raise it. See Castille v. Peoples, 489 U.S. 346, 351 (1989); see also Casey v. Moore, 386 F.3d 896, 916-18 (9th Cir. 2004).

The due process claim in Ground 1 is also without merit. Petitioner's allegations refer to an event that occurred before he entered his plea.

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Counsel's lack of objection, which is the subject of the ineffective assistance claim in Ground 1, might have had some effect on the voluntariness and

---

[1] Page numbers in parentheses refer to the documents in the Court's electronic docket.

intelligence of Petitioner's plea, but Petitioner waived the due process claim by pleading guilty. The Court denies the claim on the merits. See 28 U.S.C. § 2254(b).

Assuming that the ineffective assistance claim will be decided on the merits, the Court needs to correct an error in the Amended Petition (#14). Petitioner alleges that Detective Chandler first testified, "That's correct, he was cuffed," and then changed his testimony to, "No, he was not cuffed." Petitioner was found in a hospital in Fresno, California, receiving treatment for injuries. Two Metro detectives went there to interview him. Detective Chandler was called as a witness for Petitioner, who was represented by Nancy Lemke. She asked Chandler whether he had given Petitioner the warnings required by Miranda v. Arizona, 384 U.S. 436 (1966), and he stated that he had not warned Petitioner. Prosecutor Giancarlo Pesci then cross-examined Chandler:

> Q   And that was because he was not in custody?
>
> A   That's correct.
>
> MS. LEMCKE: Well, Judge, I'm gonna object to that characterization. I think that's for the Court to decide but that not having been said—
>
> THE COURT: He wasn't under arrest.
>
> MR. PESCI: Did you cuff him?
>
> THE WITNESS: <u>That's correct.</u>
>
> BY MR. PESCI:
>
> Q   Did you cuff him? Did you cuff him?
>
> A   <u>No, we did not.</u>
>
> Q   The entire time he was not handcuffed?
>
> A   No, sir.
>
> Q   Wasn't restrained?
>
> A   He was lying in bed.
>
> Q   Thank you.

Ex. 89, pp. 66-67 (#27-2, pp. 22-23) (emphasis added). The emphasized statements are Detective Chandler's actual testimony. The parties should take this into account in any further briefs on Ground 1.

The Court disagrees with Respondents' characterization of Ground 2 as containing a Fourteenth Amendment claim and a Sixth Amendment claim. The Court interprets Ground 2 as two claims pursuant to the Sixth Amendment:

> a. Appellate counsel Kedrick Bassett never should have been appointed to represent Petitioner because of prior personal conflicts between the two in another case; and
>
> b. Appellate counsel did not raise the issue of Detective Chandler's testimony, that Petitioner asked him to raise.

What the Court calls Ground 2(a) is not exhausted for the same reason that the due process claim in Ground 1 is not exhausted. Petitioner did not present this issue to the state district court in his first habeas corpus petition. Although he did present the issue to the Nevada Supreme Court in the appeal from the denial of that petition, the Nevada Supreme Court did not consider the issue because he failed to raise it in the district court. Ground 2(a) is not exhausted because Petitioner presented it to the Nevada Supreme Court in a procedurally incorrect manner. Castille, 489 U.S. at 351.

Ground 2(a) and, by necessity, Ground 2(b) are without merit. The Sixth Amendment does not guarantee Petitioner a client-counsel relationship free from personal conflict, but it does protect him if "the conflict between [him] and his attorney prevented effective assistance of counsel." Schell v. Witek, 218 F.3d 1017, 1026 (9th Cir. 2000) (en banc) (citing Morris v. Slappy, 461 U.S. 1, 13-14 (1983) ("Accordingly, we reject the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel."). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. The ineffective assistance of counsel that Petitioner alleges in Ground 2 is Bassett's refusal to raise the issue of Detective Chandler's testimony on direct appeal. However, the Nevada Supreme Court has adopted the rule in Tollett v. Henderson for state court proceedings. Webb v. State, 538 P.2d 164, 165 (Nev. 1975). Just as Petitioner waived the due process claim in

Ground 1 about Detective Chandler's testimony by pleading guilty, he also waived the same issue on direct appeal. Bassett could not have succeeded with the issue that Petitioner wanted him to raise. Consequently, Bassett did not provide ineffective assistance, and, without ineffective assistance, the poor relationship between Petitioner and Bassett does not amount to a violation of the Sixth Amendment. Ground 2 is without merit, despite part of it being unexhausted. 28 U.S.C. § 2254(b)(2).

Ground 4 is a claim that Petitioner's guilty plea was the result of duress. Petitioner did not present this claim on direct appeal or in his first state habeas corpus petition. He did raise the issue in his appeal from the denial of his first state petition. Ex. 190, p. 13 (#34-1, p. 14). The Nevada Supreme Court held that it would not consider claims or facts in his opening brief that he did not present to the district court. Ex. 193, p. 4 n.10 (#34-4, p. 5). Ground 4 is unexhausted because Petitioner presented it to the Nevada Supreme Court in a procedurally incorrect manner. Castille, 489 U.S. at 351.

Ground 5 is a claim that his guilty plea violated due process because he was unaware that family members would testify against him at sentencing. Petitioner did not present this claim on direct appeal or in his first state habeas corpus petition. Petitioner might have presented the claim in his second state habeas corpus petition. Ex. 180 (#33-11). However, he did not appeal the dismissal of that petition. Ground 5 is unexhausted.

A Kelly stay is not appropriate for this action because Grounds 4 and 5 would be untimely after Petitioner exhausts them in state court and then returns to this court. Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Equitable tolling of the period might be available, but the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

The rule in Duncan means that any new claim that Petitioner presents to this Court is already untimely. Petitioner filed his first state habeas corpus petition before his judgment of conviction became final, so no time in the one-year period passed between those two events. Thirteen days passed between the issuance of the remittitur in Petitioner's first state habeas corpus petition on January 4, 2008, and the commencement of this action on January 17, 2008.[2] However, more than a year has passed from the commencement of this action to the present date.

The process of relation back, by which a claim in an amended petition is considered to have been raised on an earlier, timely date, is unavailable for Grounds 4 and 5.

> "[A] petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence.'"

---

[2] The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). However, Petitioner did not state when he mailed the Petition (#12), so the Court will use the date it received the Petition. However, any difference in the dates is irrelevant because this action is timely and because Duncan makes addition of new claims untimely.

-7-

King, 564 F.3d at 1141 (quoting Mayle v. Felix, 545 U.S. 644, 659, 662-64 (2005); internal citations omitted). "Mayle requires a comparison of a petitioner's new claims to the properly exhausted claims left pending in federal court, not to any earlier version of the complaint containing claims subsequently dismissed for failure to exhaust." King, 564 F.3d at 1142. The Kelly procedure in Petitioner's case means that he would dismiss Grounds 4 and 5, exhaust those grounds in state court, and return to this Court seeking to further amend his petition to add the newly exhausted Grounds 4 and 5. Grounds 4 and 5 would need to relate back to the ineffective-assistance claim in Ground 1, which is the last remaining exhausted claim. However, Ground 1 refers to the hearing on the motion to suppress Petitioner's statements to the police in Fresno, while Grounds 4 and 5 refer to the plea negotiations and sentencing hearing, respectively. These grounds do not share a common core of operative facts, and thus Grounds 4 and 5, after exhaustion, would not relate back to the commencement of this action. If the Court granted Petitioner's request for a Kelly stay, the only result would be the dismissal of Grounds 4 and 5 as untimely.

Also, Petitioner has not shown good cause to stay this action pursuant to Rhines. He states that he did not know that he could file a supplement to his state petition, in which he would have expanded upon his grounds. However, Petitioner could not have filed a supplement. Only counsel, if appointed by the state court, could have filed a supplement. See Nev. Rev. Stat. § 34.750. Petitioner's "failure" to file something that he could not have filed is not good cause for the failure to present all issues to the state district court.

The Amended Petition (#14) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted Grounds 4 and 5 and proceed with the remaining ground, or he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust Grounds 4 and 5. The Court will not stay this action while Petitioner returns to state court.

///
///
///

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#19) is **GRANTED** in part.

IT IS FURTHER ORDERED that Ground 2 and the claim in Ground 1 of a violation of the Due Process Clause of the Fourteenth Amendment are **DISMISSED**.

IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from the date of entry of this Order to do one of the following:  (1) inform this Court in a sworn declaration that he wishes to dismiss Grounds 4 and 5 of his Amended Petition (#14), and proceed only on the remaining ground for relief, or (2) inform this Court in a sworn declaration that he wishes to dismiss his Amended Petition (#14) to return to state court to exhaust his state remedies with respect to the claims set out in Grounds 4 and 5 of his Amended Petition (#14).  Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if Petitioner elects to dismiss the aforementioned grounds of his Amended Petition (#14) and proceed on the remaining ground, Respondents shall file and serve an answer or other response to the remaining grounds within forty-five (45) days after Petitioner serves his declaration dismissing those grounds.  If Respondents file and serve an answer, then it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that if Respondents file and serve an answer, then Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED this 30th day of June, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE