UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD O'NEAL CALVIN,

    Petitioner,

vs.

E. K. MCDANIELS, et al.,

    Respondents.

Case No. 3:08-CV-00033-LRH-(RAM)

**ORDER**

Before the court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and respondents' answer (#51). The court finds that relief is not warranted, and the court denies the petition.

On or around March 20, 1999, Charlotte Lee, who was petitioner's grandmother, and Diane Paynes were stabbed to death, but their deaths were not known for several days. That afternoon, a police officer noticed petitioner in Paynes' car; petitioner was cut, scratched, and bloody. Ex. 1, p. 33 (#20). A quick investigation by other police officers in and around the Las Vegas Valley revealed no probable cause to arrest petitioner, and petitioner was released. Id., pp. 54-55 (#20). On March 23, 1999, Paynes' son entered Lee's apartment, where Paynes and petitioner also lived, and discovered Lee's and Paynes' bodies. Id., p. 23 (#20). The detectives who were investigating the crimes noticed that police had stopped petitioner on March 20; a request went out for police officers around the country to attempt to locate Paynes' car. On March 26, 1999, police in Fresno, California, reported that they had found the car and that petitioner was in a hospital seeking treatment for his injuries. Id., p. 70 (#20). Detectives Roy Chandler and Ken Hardy flew to Fresno

and interviewed petitioner in his hospital room. Id., pp. 72-77 (#20). Based upon that interview and the rest of the investigation, petitioner was arrested, extradited, and charged with (1) murder with the use of a deadly weapon, victim aged 65 or older, (2) murder with the use of a deadly weapon, (3) robbery with the use of a deadly weapon, victim aged 65 or older, and (4) robbery with the use of a deadly weapon. Ex. 4 (#20).

Petitioner moved to suppress his statements from the interview with Detectives Chandler and Hardy in the Fresno hospital room. Ex. 52 (#24). The trial court conducted an evidentiary hearing on the matter, and it denied the motion. Ex. 89 (#27).

Petitioner then agreed to plead guilty to, and was convicted of, two counts of first-degree murder with the use of a deadly weapon. Ex. 142, Ex. 157 (#30). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 163 (#32).

Petitioner then filed in the state district court his first post-conviction habeas corpus petition. Ex. 167 (#32). The district court denied the petition. Ex. 176 (#33). Petitioner appealed, and the Nevada Supreme Court affirmed the denial. Ex. 193 (#34).

While the appeal of the first state habeas corpus petition was pending, petitioner filed a second state habeas corpus petition. Ex. 180 (#33). The district court dismissed that petition pursuant to Nev. Rev. Stat. § 34.810 because it was successive. Ex. 191 (#34). Petitioner did not appeal.

Petitioner then commenced this action. The court found defects in the original petition (#12), and petitioner filed an amended petition (#14). The court dismissed ground 3 of the amended petition (#14) because it was without merit on its face. Order (#15). Respondents moved to dismiss (#19) the amended petition (#14) because it contained unexhausted grounds. The court found that parts of grounds 1 and 2 were unexhausted, but the court dismissed them because they were without merit; the court found that grounds 4 and 5 were unexhausted. Order (#44). See also 28 U.S.C. § 2254(b)(2). Ultimately, petitioner dismissed grounds 4 and 5. Order (#48).

The remaining claim for relief is part of ground 1. Petitioner claims that his counsel provided ineffective assistance by not objecting to false or inconsistent statements at the suppression hearing. Petitioner alleges, "Roy Chandler recanted his statement of 'that's correct he

was cuffed' to 'no, he was not cuffed.'" Amended Petition, p. 3 (#14). Petitioner's allegations are erroneous. Detective Chandler was called as a witness for Petitioner, who was represented by Nancy Lemke. She asked Chandler whether he had given Petitioner the warnings required by Miranda v. Arizona, 384 U.S. 436 (1966), and he stated that he had not warned Petitioner. Prosecutor Giancarlo Pesci then cross-examined Chandler:

> Q   And that was because he was not in custody?
>
> A   That's correct.
>
> MS. LEMCKE: Well, Judge, I'm gonna object to that characterization. I think that's for the Court to decide but that not having been said—
>
> THE COURT: He wasn't under arrest.
>
> MR. PESCI: Did you cuff him?
>
> THE WITNESS: That's correct.
>
> BY MR. PESCI:
>
> Q   Did you cuff him? Did you cuff him?
>
> A   No, we did not.
>
> Q   The entire time he was not handcuffed?
>
> A   No, sir.
>
> Q   Wasn't restrained?
>
> A   He was lying in bed.
>
> Q   Thank you.

Ex. 89, pp. 66-67 (#27-2, pp. 22-23) (emphasis added). The emphasized statements are Detective Chandler's actual testimony.[1]

---

[1] The court agrees with respondents that, taken in context, Detective Chandler's response of "That's correct" was in response to the court's statement that petitioner was not under arrest. Detective Chandler's subsequent answer of "No, we did not" to the prosecutor's question whether he had cuffed petitioner is consistent with Detective Hardy's testimony that petitioner was not cuffed. See Ex. 89, pp. 5, 9 (#27).

-3-

In his first state habeas corpus petition, petitioner was much more conclusory with this claim. He alleged, in full:

> Attorney failed to object to inconsistent statements made by an officer of law during testimony of Suppression Hearing in 2005.
>
> Attorneys (Public Defender) at time of Suppression Hearing: Nancy Lemke and Charles Cano.

Ex. 167 (#32) (spelling corrected). On this claim, the Nevada Supreme Court held:

> Appellant claimed that his counsel was ineffective for failing to object to inconsistent statements made by an officer during a suppression hearing. Appellant did not demonstrate that his counsel was deficient or that he was prejudiced. Appellant's claim was bereft of specific facts regarding which witness testified inconsistently and what statements were inconsistent. Therefore, the district court did not err in denying this claim.

Ex. 193, pp. 2-3 (#34) (citing Hargrove v. State, 686 P.2d 222 (Nev. 1984)).

"[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

"A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" Mitchell v. Esparza, 540 U.S. 12, 15 (2003) (quoting 28 U.S.C. § 2254(d)(1)), or if the state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

-4-

> A state court's decision is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court's decision is not "contrary to . . . clearly established Federal law" simply because the court did not cite our opinions. We have held that a state court need not even be aware of our precedents, "so long as neither the reasoning nor the result of the state-court decision contradicts them."

Id. at 15-16. "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (internal quotations omitted).

The Nevada Supreme Court correctly identified the governing principle: Petitioner must demonstrate that counsel performed deficiently and that he suffered prejudice from that deficient performance. As the Nevada Supreme Court noted, petitioner never alleged in his state habeas corpus petition what the inconsistent statements were and who said them. Without those basic facts, petitioner failed to demonstrate both deficient performance and prejudice. The Nevada Supreme Court reasonably applied Strickland. 28 U.S.C. § 2254(d)(1). That petitioner has presented more facts to this court does not detract from the reasonableness of the state court's decision based upon the facts, or lack of facts, presented to the state court.

Reasonable jurists could find this conclusion to be debatable or wrong, and the court will grant a certificate of appealability on the issue.

Petitioner has submitted a motion for enlargement of time (first request) (#50) to file an amended petition. The court never set a deadline for filing motions to amend pleadings. Furthermore, petitioner did not submit a proposed amended petition, and thus the court cannot judge the merits of his request. LR 15-1(a). The court denies this motion.

Petitioner has submitted a motion for the appointment of counsel (#49), which is moot because the court is denying the amended petition (#14).

Earlier, the court dismissed part of ground 1 and all of ground 2 for lack of merit despite the lack of exhaustion. Order (#44). The court found that a due-process claim in ground 1 regarding

-5-

Detective Chandler's testimony was without merit because it preceded his plea of guilty, and petitioner could not raise independent claims of deprivation of constitutional rights that occurred before his plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). In ground 2, petitioner claimed that he had a personal conflict with the attorney who represented him on direct appeal, and petitioner also claimed that his appellate counsel provided ineffective assistance because he did not raise on direct appeal the due-process claim regarding Detective Chandler's testimony. The court found that appellate counsel could not have raised the due-process claim on direct appeal because the Nevada Supreme Court applies the rule in Tollett v. Henderson to direct appeal, and the due-process claim preceded petitioner's plea of guilty. See Webb v. State, 538 P.2d 164, 165 (Nev. 1975). The court also found that because a personal conflict with an attorney is not a constitutional problem unless it results in ineffective assistance of counsel, and because petitioner's sole claim of ineffective assistance of appellate counsel was without merit, the claim regarding the personal conflict between petitioner and his appellate counsel was without merit. Reasonable jurists would not find these conclusions to be debatable or wrong, and the court will not issue a certificate of appealability on these issues.

        The court found that grounds 4 and 5 of the amended petition (#14) were unexhausted, and petitioner decided to dismiss them. Ground 4 was a claim that petitioner pleaded guilty under duress. Ground 4 was unexhausted because petitioner raised the claim in the appeal from the denial of his first state habeas corpus petition, but he did not raise the claim in the first state habeas corpus petition itself. The Nevada Supreme Court did not consider the claim because petitioner did not raise it in the district court, and presenting a claim to a state court in a procedurally incorrect manner does not exhaust it. See Castille v. Peoples, 489 U.S. 346, 351 (1989). Ground 5 was a claim that petitioner's guilty plea violated due process because he was unaware that family members would testify against him at sentencing. Ground 5 was unexhausted because petitioner raised the claim in his second state habeas corpus petition but did not appeal the denial of that petition. Reasonable jurists would not find these conclusions to be debatable or wrong, and the court will not issue a certificate of appealability on these issues.

IT IS THEREFORE ORDERED that petitioner's motion for the appointment of counsel (#49) is **DENIED** as moot.

IT IS FURTHER ORDERED that petitioner's motion for enlargement of time (first request) (#50) is **DENIED**.

IT IS FURTHER ORDERED that the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#14) is **DENIED**. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** for the issue whether the court was correct in its ruling that petitioner did not receive ineffective assistance of counsel for failing to challenge Detective Roy Chandler's testimony about whether petitioner was handcuffed.

DATED this 5th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE